UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LESLIE EARL BYNUM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1611** |
| **TERREBONNE PARISH CONSOLIDATED GOVERNMENT, ET AL** | **SECTION "N" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(1)(B) and (C), § 1915(e)(2)**, as applicable. Rec. Doc. No. 4. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.     The Complaint**

The *pro se* plaintiff, Leslie Earl Bynum ("Bynum"), filed this *in forma pauperis* complaint against the following defendants, each in their individual and official capacities where applicable: the Terrebonne Parish Consolidated Government; Sheriff Vernon Bourgeois; Major Malcolm Wolfe; Major Mike Solet; Captain Thomas Cope; Captain Claude Triche; Captain Mitch Dupre; Detective Shane Fletcher; Detective John Doe; Warden Major Leeroy Lirette, Jr.; Lieutenant Shane Schwausch; Lieutenant John Babin; Lieutenant Chris Cobb; Lieutenant Devon Jones; Sergeant Linda Babin; Deputy Chad Ledet; Deputy Tim Perry; Medical Director Richard Neal; Margie

Whitney, RN; Parish Attorney Dana Schwab; Parish Attorney Courtney Alcock; Terrebonne Parish Office of the District Attorney, 32nd Judicial District; District Attorney Joseph L. Waitz, Jr.; Assistant District Attorney Carlos E. Lazarus; Assistant District Attorney Juan W. Pickett; Assistant District Attorney Matthew H. Hagen; Assistant District Attorney Michele Morel; Terrebonne Parish Clerk of Court's Office; Clerk of Court Robert Bobby Boudreaux; Office of the Public Defender, 32nd Judicial District; Anthony P. Champagne, Attorney; Kerry P. Byrne, Attorney; Barron Whipple, Attorney; Robert James Pastor, Attorney; Robert Brown, Investigator; Judge George J. Larke, Jr.; William H. Dunckleman, Hearing Officer; and Alicia T. Wooley, Court Reporter.

Bynum's statements of jurisdiction and of his claim and relief sought against this laundry-list of defendants is simply "I will reamend and supply in supplement at future date, in support of this I must get a court order to obtain documents, etc." Rec. Doc. No. 3, p.5. Since the filing of that pleading on July 14, 2011, Bynum has not amended his complaint or otherwise contacted the Court about his case.

## II.     Standards of Review for Frivolousness for a Non-Prisoner Pauper Complaint

The very statute allowing plaintiff to proceed as a pauper also requires the Court to screen a pauper-plaintiff's complaint and dismiss it without service of process at any time when the Court makes a determination that the complaint is frivolous. Title 28, Section 1915(e)(2)(B) of the United States Code reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
> (B) the action or appeal-
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In cases in which a plaintiff seeks to proceed without the prepayment of the required filing fee and attendant fees for service of process, courts have long had the authority to dismiss *in forma pauperis* complaints if satisfied that the claims asserted are frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B); *see also*, former 28 U.S.C. § 1915(d).[1]

Section 1915(e)(2)(B) applies equally to prisoner and non-prisoner *in forma pauperis* cases. *See Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(I) and (ii)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-206 (2nd Cir.2002) (affirming dismissal of in forma pauperis non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998)(affirming dismissal of § 1983 action for failure to state a claim by non-prisoner, former detainee against state law enforcement personnel); *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997)(§1915 as amended changed cases brought by prisoners and in some respects for all indigent litigants); *see also*, *Mazzaglia v. New Hampshire*, No. 99-1997, 2000 WL 979971 (1st Cir. June 23, 2000)( "[i]f plaintiff was a prisoner, then 28 U.S.C. § 1915A would have governed; if he was not, then § 1915(e)(2)(B) would have applied."); *McLean v. Caldwell County Sheriff's Department*, No. 99-2005, 1999 WL 796420 (4th Cir. Oct.16, 1999).

Under these statutes, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts

---

[1] Section § 1915(d) was superseded by 28 U.S.C. § 1915(e)(2)(B) as a part of the Prison Litigation Reform Act of 1996 ("PLRA").

alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III.   Failure to State Basis for Jurisdiction or a Claim for Relief

Bynum's complaint is devoid of any statement of the issues, facts, and allegations forming the basis of his suit against the defendants. The complaint also fails to set forth any federal claim or basis for this Court's jurisdiction.

Rule 8(a) of the Federal Rules of Civil Procedure requires that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a).

Under Rule 8 notice pleading, "the complaint must allege sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bremer v. Housing Authority of New Orleans*, No. 98-2735, 1999 WL 298795 (E.D. La. May 12, 1999). "Some facts must be alleged that convince the court that the plaintiff has at least a colorable claim. Conclusory allegations will not suffice." *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1988).

Generally, the requirements of federal notice pleading are liberally construed and in a situation where the plaintiff proceeds *pro se*, this circuit has demonstrated a tradition of leniency. *Gellegos v. Louisiana Code of Criminal Procedure Art. 658*, 858 F.2d 1091, 1092 (5th Cir. 1988). Even when a complaint by a *pro se* litigant is somewhat sketchy, it should not be dismissed unless it appears from the complaint that the plaintiff has failed to state a cognizable claim. The test is whether "within the universe of theoretically provable facts, there exists a set which can support a cause of action under this complaint indulgently read." *Covington v. Coles*, 528 F.2d 1365, 1370 (5th Cir. 1976). Bynum's complaint by no means meets this standard.

The complaint does not set forth, nor does it discernibly contain, a comprehensible set of facts from which the court can find or broadly construe a federal claim for relief. Bynum has not presented a cognizable federal cause of action. Most significantly, he fails to set forth any basis for this court's jurisdiction as required under Fed. R. Civ. P. 8.

The Fifth Circuit has upheld the summary dismissal for failure to state a claim or as factually frivolous of complaints which contained at least some incoherent claims, which Bynum fails to even do here. *See Windsor v. Pan American Airways*, 744 F.2d 1187 (5th Cir. 1984) (plaintiff alleged airline crash and theft of plaintiff's copyrights and patents were the result of a conspiracy among Presidents Kennedy, Ford, Carter and Reagan and that the widow of Dr. Martin Luther King, Jr. was plotting to undermine the Roman Catholic Church). Bynum's complaint therefore should be dismissed as frivolous and for failure to state a claim for which relief can be granted under § 1915(e)(2).[2]

---

[2] Since Bynum does not present the federal basis for his claims against the defendants normally not suable and/or immune from civil rights suits, such as the judges and district attorneys, the Court is reluctant to address this doctrine as a basis for dismissal. Should Bynum amend his complaint, the Court will re-evaluate the basis for dismissal.

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Bynum's complaint against the defendants, the Terrebonne Parish Consolidated Government, Sheriff Vernon Bourgeois, Major Malcolm Wolfe, Major Mike Solet, Captain Thomas Cope, Captain Claude Triche, Captain Mitch Dupre, Detective Shane Fletcher, Detective John Doe, Warden Major Leeroy Lirette, Jr., Lieutenant Shane Schwausch, Lieutenant John Babin, Lieutenant Chris Cobb, Lieutenant Devon Jones, Sergeant Linda Babin, Deputy Chad Ledet, Deputy Tim Perry, Medical Director Richard Neal, Margie Whitney, RN, Parish Attorney Dana Schwab, Parish Attorney Courtney Alcock, Terrebonne Parish Office of the District Attorney, 32nd Judicial District, District Attorney Joseph L. Waitz, Jr., Assistant District Attorney Carlos E. Lazarus, Assistant District Attorney Juan W. Pickett, Assistant District Attorney Matthew H. Hagen, Assistant District Attorney Michele Morel, Terrebonne Parish Clerk of Court's Office, Clerk of Court Robert Bobby Boudreaux, Office of the Public Defender, 32nd Judicial District, Anthony P. Champagne, Attorney, Kerry P. Byrne, Attorney, Barron Whipple, Attorney, Robert James Pastor, Attorney, Robert Brown, Investigator, Judge George J. Larke, Jr., William H. Dunckleman, Hearing Officer, and Alicia T. Wooley, Court Reporter, be **DISMISSED WITHOUT PREJUDICE** as frivolous and for failure to state a claim for which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 7th day of November, 2011.

                                                KAREN WELLS ROBY
                                     UNITED STATES MAGISTRATE JUDGE

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.